UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERENCE MACK CARTER, | |
| Plaintiff, | 20-CV-4823 (CM) |
| -against- | ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION |
| NEW YORK STOCK EXCHANGE (NYSE), | |
| Defendant. | |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at the Federal Correctional Institution in Mendota,

California, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must

either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request

authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a

signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court

grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect

the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C.

§ 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must

therefore authorize the Court to withdraw these payments from his account by filing a "prisoner

authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00

filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of

the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed IFP application

and prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

the $400.00 in fees or submit the attached IFP application and prisoner authorization forms. If

Plaintiff submits the IFP application and prisoner authorization, they should be labeled with

docket number 20-CV-4823 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case

shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to

comply with this order within the time allowed, the Court will dismiss the action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates

good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 29, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new federal civil action.