UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERENCE MACK CARTER,

              Plaintiff,

-against-

NEW YORK STOCK EXCHANGE (NYSE),

              Defendant.

20-CV-4823 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated at the Federal Correctional Institution in Mendota, California, brings this action *pro se*. By order dated August 13, 2020, Chief Judge McMahon granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the one-page complaint. Plaintiff is the direct descendent of captive Africans who were sold as slaves in the United States. Defendant New York Stock Exchange ("NYSE") "facilitated in the buying, selling, and trade of African stock (captive Africans) on Wall Street." (ECF No. 1, at 1.) The NYSE "operated as an auction [m]arket for slaves separating plaintiff['s] family to be used as slaves, causing hundreds of years

of pain + suffering that still precides [sic] today in Plaintiff['s] family." (*Id.*) His "ancestry tree proves the Plaintiff family bloodline that dates back to the damage done by" the NYSE. (*Id.*)

Plaintiff seeks money damages.

## DISCUSSION

**A.      Article III Standing**

The Court must dismiss the complaint because Plaintiff fails to allege facts suggesting that he has standing to bring his claims. Article III, § 2 of the United States Constitution requires that a "case" or "controversy" be present in order to confer jurisdiction on federal courts for a particular claim. A plaintiff must therefore have "standing" to invoke the jurisdiction of the Court. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997). Standing to sue is a threshold requirement that prevents a plaintiff from bringing claims before a court on behalf of others. *See id.* "The standing inquiry focuses on whether the plaintiff is the proper party to bring . . . suit." *Raines v. Byrd*, 521 U.S. 811, 818 (1997); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2d Cir. 2008) (A party may invoke the court's authority only in order to "seek redress for injury done to him . . . not [to] seek redress for injuries done to others.").

Under Article III's standing requirement, a party must show (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "Foremost among these requirements is injury in fact – a plaintiff's pleading and proof that he has suffered the 'invasion of a legally protected interest' that is 'concrete and particularized,' i.e., which 'affect[s] the plaintiff in a personal and individual way." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim."

3

*Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (internal quotation marks and citation omitted).

Plaintiff alleges that NYSE "facilitated the buying, selling, and trade" of captive Africans, including his ancestors, and that as a result he and his family experienced "hundreds of years of pain [and] suffering." (ECF No. 1, at 1.) But he fails to allege any conduct on the part of NYSE that "has run afoul of a constitutional or statutory right and caused [him] a discrete injury." *Cato v. United States*, 70 F.3d 1103, 1109 (9th Cir. 1995). "Without a concrete, personal injury that is not abstract and that is fairly traceable" to a defendant's conduct, a plaintiff lacks standing. *Id.*; *see also Bell v. United States*, No. 01-CV-0338, 2001 WL 1041792 (N.D. Tex. Aug. 31, 2001); *Bey v. United States Dep't of Justice*, No. 95-CV-10401, 1996 WL 413684 (S.D.N.Y. July 24, 1996).

Plaintiff's allegations regarding "hundreds of years of pain [and] suffering" do not establish the discrete injury necessary for standing to litigate his claims. *Cato*, 70 F.3d at 1110; *see In re African-Am. Slave Descendants Litig.*, 471 F.3d 754, 759 (7th Cir. 2006) ("[T]here is a fatal disconnect between the victims and the plaintiffs. When a person is wronged he can seek redress, and if he wins, his descendants may benefit, but the wrong to the ancestor is not a wrong to the descendants."). Moreover, Plaintiff fails to identify any constitutional or statutory right that Defendant violated, or any other basis for federal question jurisdiction. *See Cato*, 70 F.3d at 1106. Because Plaintiff has failed to allege facts sufficient to show that he has standing to bring his claims, the Court dismisses the action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

B.   **Statute of Limitations**

Even if Plaintiff had standing to assert his claims, his complaint would be untimely. The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

The events upon which plaintiff's complaint is based occurred more than one hundred and fifty years ago. Plaintiff's complaint was received by the Court's Pro Se Intake Unit on June 23, 2020, presumably well beyond the period when he became aware of the facts described in the complaint. Thus, dismissal of Plaintiff's complaint based on the statute of limitations is especially appropriate here, where the injuries complained of occurred well outside the applicable three-year limitations period. *See Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995); *see also Baker v. Cuomo*, 58 F.3d 814, 818-19 (2d Cir. 1995) (a sua sponte dismissal is "appropriate if it appears from the face of the complaint that the action is barred . . . by the statute of limitations").

C.   **State Action**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant New York Stock Exchange is a private party that does not work for any state or

other government body, even if Plaintiff had standing and could assert a timely claim, he fails to state a claim against this defendant under § 1983.

### D.     Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated:    September 2, 2020
          New York, New York

                                            _____
                                            LOUIS L. STANTON
                                            U.S.D.J.